(15 App. Div. 609.)

PALMER v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

INTEREST—RIGHT TO.
    A father, "in consideration of love and affection," assigned to defendant,
his son, six-tenths of the amount involved in certain litigation. Attached
to the assignment was a memorandum stating that the assignor's intention
was that defendant should realize at least $3,200, "as an equitable amount
due him from property left in my hands by his mother." *Held*, that the
language of the assignment and the memorandum indicated merely a gift,
and therefore defendant was not entitled to interest on the $3,200 from the
date of the assignment.

Appeal from special term, Kings county.

Action by Arthur W. Palmer, an infant, by Frederick A. Reid,
his guardian ad litem, against Noyes F. Palmer, individually and
as administrator of the estate of Noyes G. Palmer, deceased, and
others, for partition. From an order confirming the report of a
referee as to the amounts to which defendants are entitled by vir-
tue of their respective liens on the property to be partitioned, and
directing an interlocutory judgment to be entered accordingly, plain-
tiff and defendants Annette Huldah Pennoyer and Margaret S.
Palmer appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

A. F. Van Thun, Jr., for appellants.
Wm. E. C. Mayer, for respondent Noyes F. Palmer.

PER CURIAM. By the interlocutory judgment in this partition
suit, it was determined that the defendant Noyes F. Palmer and
certain other persons had equitable liens upon the proceeds of the
property to be partitioned, and with the assent of all the parties a
reference was ordered to ascertain the amounts of such liens. The
referee has reported the amount of the lien of the defendant Noyes
F. Palmer to be $5,680. This sum is made up of $3,200 principal
and $2,480 interest, the interest being calculated from April 6,
1883. The referee's report has been confirmed at special term,
and from the order confirming it, and amending the interlocutory
judgment accordingly, the plaintiff and two defendants now ap-
peal, insisting that the respondent Noyes F. Palmer is not entitled
to the sum which has been awarded to him by way of interest. The

equitable lien to which the respondent has been adjudged entitled is based upon the following instruments:

"For and in consideration of love and affection, I hereby assign and set over to my son, Noyes F. Palmer, of Jamaica, Queens county, state of New York, six-tenths of the claims in my suits against Cypress Hills Cemetery, subject to six-tenths of the expenses and costs of collection; said suits being now in progress before a referee appointed by the supreme court of the state of New York.

"Dated East New York, Kings County, N. Y., April 6, 1883.

"Noyes G. Palmer. [L. S.]"

"Memoranda. I have this day made an assignment to my son (Noyes F. Palmer, of Jamaica, Queens County, N. Y.) of a certain share of my interests in three suits pending in the supreme court of the state of New York. What my interests in the suits mentioned may be worth, is uncertain, but my intention is that my son shall realize at least three thousand and two hundred dollars out of the share assigned to him, as an equitable amount due him from property left in my hands by his mother, invested and reinvested by me in lots in Cypress Hills Cemetery, and which constitute a considerable part of my claim for lots against said cemetery.

"Dated April 6, 1883.                    Noyes G. Palmer. [L. S.]"

The referee construed these papers as a declaration that the respondent's mother had left in the hands of Noyes G. Palmer, his father, certain property belonging to the son, and as evidence "that Noyes G. Palmer had used this property, or the proceeds thereof, in speculating in Cypress Hills Cemetery lots." Hence he was of the opinion that Noyes G. Palmer, having received this property as trustee for his son, was guilty of a breach of trust in having used it as his own, and was liable either for interest, or the profits derived from such use, whichever the son might . elect. There seems to be no sufficient warrant for the assumption that the property mentioned as having been received from the mother of Noyes F. Palmer ever belonged to Noyes F. Palmer himself, as held by the referee; nor do we find anything to justify the inference that the father had committed any breach of trust, and was chargeable with interest on that account. We think that the instruments should be differently interpreted, and that greater weight should be given to the declared consideration of love and affection in the first paper. This language characterizes the entire transaction as purely voluntary. It may be regarded as in the nature of a gift, or as the assumption of a trust relation toward the son, but hardly as the discharge of a debt or other legal obligation. The words that stand at the beginning of the first paper indicate that the father, in speaking of the "equitable amount due" his son in the second paper, had in mind a moral obligation only, and not one which he could be forced to perform. The intent of the father evidently was that as soon as he, or any one in his behalf, realized $3,200 out of six-tenths of his interest in the cemetery property, that amount should go to his son,—not as matter of legal right, however, but as a manifestation of good will and paternal affection. They embody no express contract to pay interest, and we think none should be implied; for the principal was invested in the cemetery land, where by no possibility could it produce any income whatever. The proposition that, where no time of payment is

specified in a contract for the payment of money, it is payable immediately, and therefore interest begins to run at once, has no application here, for this was not a contract for the payment of money. It was a transfer of a beneficial interest in certain choses in action, implying an undertaking on the part of the person who made the transfer to hold said interest, as trustee for the beneficiary, until the latter be able to realize thereon. The general rule is that trustees who have been in no wise negligent are not chargeable with interest on property that has earned no interest. Knowlton v. Bradley, 17 N. H. 458. And, as there is absolutely no evidence of any negligence on the part of Noyes G. Palmer since he constituted himself trustee for his son by the execution of these instruments, that rule should control the disposition of the present appeal.

The order amending the interlocutory judgment must be modified by striking out that portion which allows $2,480 interest to the defendant Noyes F. Palmer as a portion of his equitable lien on the property to be partitioned, and as thus modified it is affirmed, without costs.